**OXFORD VARNISH CORPORATION et al. v. AULT & WIBORG CORPORATION.**

No. 7005.

Circuit Court of Appeals, Sixth Circuit.

June 30, 1936.

Samuel E. Darby, Jr., of New York City (Bates, Golrick & Teare and Albert R. Golrick, all of Cleveland, Ohio, on the brief), for appellants.

Edmund P. Wood, of Cincinnati, Ohio (Arthur M. Smith, of Detroit, Mich., and Truman A. Herron and Wood & Wood, all of Cincinnati, Ohio, on the brief), for appellee.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

PER CURIAM.

In a petition for rehearing by the Oxford Varnish Corporation, appellant, it is urged that due to the fact that the court did not pass upon the validity of a contract between the appellant and its licensee, Horn, in the view that the issues in respect to it were moot, the petitioner is placed in the position where it will become liable to Horn for nonperformance of the contract if valid and enforceable, or be subject to another suit under the antitrust laws if performance by Horn exceeds the petitioner's patent monopoly. We are therefore asked to rule upon the validity of the Oxford-Horn license agreement.

It appears, however, from the record that while Horn was an original party defendant, it satisfied the plaintiff in the case that it had abandoned the monopolistic practices required by the contract and condemned by the antitrust laws, and an order was entered dismissing the case as against Horn. The plaintiff sought no relief other than by way of injunction, and this court finding nothing in the record to warrant an assumption that monopolistic practices under the contract would be renewed, considered the question moot. The plaintiff has no further interest in the controversy as against Horn. What we are asked to do, therefore, by this petition for rehearing, is to adjudicate a contract between the petitioner and one no longer a party to the controversy. This we may not do. As to whether the contract between the petitioner and Horn may still be valid and enforceable, if the Horn Company does not resume and the petitioner does not compel a resumption of monopolistic practices, we express no opinion. The Horn Company having satisfied the plaintiff that it has abandoned the condemned practices and does not intend to resume them, may be able to satisfy the petitioner in like manner. If not, the petitioner doubtless has its remedy.

The petition is denied.